UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ADAM MCDONALD, BECKIE MCDONALD, WEEKS' FUNERAL HOMES INCORPORATED, <br><br> Defendants. | CASE NO. 3:24-cv-05995-BAT <br><br> **ORDER STRIKING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE** |

Before the Court is the Motion for Summary Judgment of Defendant Adam McDonald. Dkt. 24. Defendant Beckie McDonald filed a response requesting the motion be denied or, alternatively, deferred or denied pending completion of discovery. Dkt. 51. Defendant objects to the request for Rule 56(d) relief. Dkt. 54. The Court grants the request for Rule 56(d) relief.

BACKGROUND

Plaintiff Unum Life Insurance Company of America ("Unum") filed a Complaint for Interpleader Relief against Defendants Adam McDonald, Beckie McDonald, and Weeks' Funeral Homes, on December 5, 2024. Dkt. 1. On January 2, 2025, Defendant Adam McDonald filed an Answer to the Complaint and Crossclaim against Defendants Beckie McDonald and Weeks' Funeral Homes. Dkt. 8. On January 13, 2025, the parties consented to proceed before the undersigned Magistrate Judge. Dkt. 17. Also on January 13, 2025, the Court issued an Order

ORDER STRIKING MOTION FOR
SUMMARY JUDGMENT WITHOUT
PREJUDICE - 1

1  Regarding Initial Disclosures and the Filing of a Joint Status Report, setting the joint status

2  report deadline for March 10, 2025. Dkt. 18.

3  On February 11, 2025, Ms. McDonald filed her answer to the complaint, crossclaim

4  against Adam McDonald, counterclaim against Unum, and third-party complaint against

5  Amplify Energy Services ("Amplify") Dkt. 19.  pp.14-16. On February 28, 2025, Adam

6  McDonald filed his answer to the crossclaim (Dkt. 21) and a week later, filed a Motion for

7  Summary Judgment. Dkt. 24. Ms. McDonald filed a response in opposition and a request for

8  Fed.R.Civ.P. 56(d) relief. Dkt. 51.

9  On May 8, 2025, the Court granted Unum's Motion to Deposit Interpeader Funds (Dkt.

10  64) and on May 14, 2025, the Court granted Unum's Motion to Dismiss Counterclaim of Beckie

11  McDonald (Dkt. 66). Amplify's motion to dismiss, filed April 9, 2025 (Dkt. 43), is presently

12  before the Court.

13  In their Joint Status Report filed on April 23, 2025, the parties requested a discovery

14  deadline of November 28, 2025 and a three-day jury trial on all non-equitable claims by March

15  9, 2026. Dkt. 53. On May 20, 2025, the Court issued a Scheduling Order with a discovery

16  deadline of November 28, 2025; a motions deadline of December 28, 2025, and a 3-day jury trial

17  beginning on April 6, 2026. Dkt. 67.

18  <u>DISCUSSION</u>

19  Rule 56(d) provides a device for litigants to avoid summary judgment when they have not

20  had sufficient time to develop affirmative evidence. *Burlington N. Santa Fe R. Co. v. Assiniboine*

21  *& Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). "The general

22  principle of [Rule 56(d)] is that summary judgment [should] be refused where the nonmoving

23  party has not had the opportunity to discover information that is essential to his opposition."

ORDER STRIKING MOTION FOR
SUMMARY JUDGMENT WITHOUT
PREJUDICE - 2

1    *Price ex rel. Price v. W. Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson*

2    *v. Liberty Lobby*, 477 U.S. 242, 250 n.5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). To succeed,

3    the party opposing summary judgment must show that "(1) it has set forth in affidavit form the

4    specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the

5    sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v.*

6    *Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

7            In her declaration, Defendant Beckie McDonald describes the steps taken by her and the

8    Decedent to change his beneficiary through Amplify's employee portal with the assistance of

9    Melissa Vasquez, a human resources employee of Amplify, and describes the basis for her belief

10   that the beneficiary change had been made to reflect her as the Decedent's primary beneficiary.

11   Dkt. 51-1, Declaration of Beckie McDonald. In his declaration, counsel for Ms. McDonald, lists

12   the discovery deemed essential to refute Adam McDonald's factual assertions that he was named

13   as the primary beneficiary at the time of Decedent's death, *inter alia*:

14           1.      Documents and communications from Unum concerning Adam
                 McDonald's enrollment forms and beneficiary designations; Unum's claim file
15           and investigation; Unum's procedures and compliance with procedures for
                 naming and changing beneficiaries;
16
                 2.      Documents from Amplify concerning Adam McDonald; Amplify's
17           procedures for designating and changing beneficiaries; Amplify's compliance
                 with Unum's insurance policy concerning the use of approved beneficiary forms;
18           Amplify's call records and recordings involving the McDonalds; Amplify's
                 written and electronic communications with the McDonalds. Ms. McDonald also
19           seeks to take the deposition of Amplify employee Melissa Vasquez.

20           3.      Documents from Adam McDonald concerning the Decedent and his
                 beneficiary designations; Adam McDonald's communications with the Decedent
21           and others regarding beneficiary designations.

22   Dkt. 51-2 Declaration of Michal D. Grabhorn

23

ORDER STRIKING MOTION FOR
SUMMARY JUDGMENT WITHOUT
PREJUDICE - 3

District courts should grant a Rule 56(d) motion where a summary judgment motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its theory of the case. *Burlington*, 323 F.3d at 773. The Court has the discretion to either deny or continue a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). Denial of a Rule 56(d) motion is "generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Id*. at 774-74 (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am*., 784 F.2d 1472, 1475 (9th Cir. 1986)).

At this stage of the litigation, where the parties have not yet engaged in discovery and Ms. McDonald has filed a timely application identifying relevant information with an affidavit setting forth some basis for believing the information sought actually exists, the Court finds the motion should be granted. Accordingly, it is **ORDERED**:

1.     Defendant Beckie McDonald's motion for Rule 56(d) relief (Dkt. 51) is **GRANTED**;

2.     Defendant Adam McDonald's Motion for Summary Judgment (Dkt. 24) is **STRICKEN without prejudice** to refiling after the parties have engaged in discovery.

DATED this 20th day of May, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER STRIKING MOTION FOR
SUMMARY JUDGMENT WITHOUT
PREJUDICE - 4